UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ROBERT JOHNSON and
KAREN ISOM BOTTEICHER,

    Plaintiffs,

v.                        Case No. 8:18-cv-1944-T-33TGW

THOR MOTOR COACH, INC., and
R.V. WORLD, INC., OF NOKOMIS,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiffs Michael Robert Johnson and Karen Isom Botteicher's Motion to Remand (Doc. # 9), filed on September 7, 2018. Defendant Thor Motor Coach, Inc., responded on September 20, 2018. (Doc. # 19). For the reasons that follow, the Motion is granted and the case is remanded to state court.

I. **Background**

Johnson and Botteicher initiated this action in the Twelfth Judicial Circuit in and for Sarasota County, Florida, on July 23, 2018. (Doc. # 2). In the Complaint, they assert claims for violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310, and Florida's Deceptive and Unfair

1

Trade Practices Act against Thor and Defendant R.V. World, Inc., of Nokomis. (Id.). Johnson and Botteicher allege they purchased a new recreational vehicle manufactured by Thor from R.V. World. (Id. at 2). The R.V. was covered by express and implied warranties. (Id.). The R.V. had numerous defects and, although Thor argued it repaired the R.V., many defects still remained when it was returned to Johnson and Botteicher. (Id. at 4-7). As a result of these defects, the R.V. is "unfit for its ordinary purpose of safe and reliable transportation and temporary lodging for travel and camping." (Id. at 11). The Complaint states: "The amount in controversy DOES exceed FIFTEEN THOUSAND DOLLARS ($15,000.00) but is less than FORTY-NINE THOUSAND FIVE HUNDRED DOLLARS ($49,500.00)." (Id. at 2).

Johnson and Botteicher had previously brought another warranty action against Thor, which was also removed to this Court. See Johnson v. Thor Motor Coach, Inc., 8:18-cv-994-T-33TGW. In that case, the Court denied Johnson and Botteicher's motion to remand and held that a forum selection clause in the R.V.'s purchase agreement required the case be litigated in Illinois. (Doc. # 1 at 1). But, before the Court could enter a written order transferring the case, Johnson and Botteicher voluntarily dismissed the case without prejudice.

2

(Id. at 1-2). Following that dismissal, they filed the instant action in state court. (Doc. # 2).

Thor removed this case to this Court on August 7, 2018, on the basis of federal question jurisdiction. (Doc. # 1). Subsequently, Johnson and Botteicher filed the instant Motion to Remand (Doc. # 9) and Johnson's Declaration in support (Doc. # 9-1). Thor has responded, (Doc. # 19), and the Motion is ripe for review.

**II. Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260–61 (11th Cir. 2000). "They may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States." Grant v. Cavalier Mfg., Inc., 229 F. Supp. 2d 1332, 1333 (M.D. Ala. 2002). "The Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear." Id.

"Under the [MMWA], a consumer who is damaged by a warrantor's failure to comply with obligations under a written or implied warranty may sue for damages in either state court or federal district court." Id. at 1334 (citing 15 U.S.C. § 2310(d)(1)). But, unlike claims under other federal statutes, a claim under the MMWA is not cognizable in

3

federal court if "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." § 2310(d)(3)(B).

Attorney's fees are "excluded from a calculation of the $50,000 amount in controversy." Ansari v. Bella Auto. Grp., Inc., 145 F.3d 1270, 1271 (11th Cir. 1998). And "the amount in controversy for purposes of [the MMWA] does not include damages flowing from any pendent state law claim brought by a plaintiff." Id. at 1272.

Only the amount in controversy requirement imposed by the MMWA is at issue here. In its Notice of Removal, Thor argues the amount in controversy is met for the same reasons the Court determined the amount in controversy was met in the previous action. (Doc. # 1 at 4-5). According to Thor, "Plaintiffs sought whatever relief may be available under the MMWA, which necessarily includes rescission or revocation of acceptance of the contract for purchase" and "such relief would meet the minimum amount in controversy." (Id. at 5).

Specifically, Thor stresses that the Complaint states this is an "action for monetary damages and equitable remedies" and the Complaint's ad damnum clause requests "all other relief that the Court deems just and appropriate" along

4

with monetary damages. (Id. at 4). Therefore, because rescission or revocation of acceptance is available under the MMWA, Thor reasons that the Complaint is seeking rescission or revocation of acceptance of the purchase agreement — the value of which exceeds $50,000. (Id.). Even if the damages alleged in the Complaint are for diminution of value only, Thor argues the damages still exceed $50,000 because "the diminished value of the [R.V.] . . . is equal to the entire purchase price" of the R.V. because the R.V. is unusable in its current condition. (Id. at 6).

But Johnson and Botteicher argue in their Motion that the amount in controversy requirement is not met because the Complaint explicitly limits the amount in controversy to below $49,500. (Doc. # 9 at 2). They insist that their "allegation that the amount in controversy is less than $49,500 has the effect of limiting Plaintiffs to seeking damages under $49,500" and that "the distinction between damages and amount in controversy is without a difference." (Id. at 12). They further emphasize that the Complaint does not state claims for rescission or revocation, so a calculation of the amount in controversy based on a rescission or a revocation claim is inappropriate. (Id. at 6-8). In his Declaration filed in support of the Motion, Johnson avers

5

that he and Botteicher "are not seeking revocation of acceptance or rescission of contract; [they] are only seeking monetary damages not to exceed $49,500 for all of [their] causes of action combined." (Doc. # 9-1 at 2).

Thor insists that the Complaint's attempt to limit the amount in controversy is ineffective because the Complaint states that the "amount in controversy" — rather than "damages" — is below $49,500. (Doc. # 19 at 12-13). According to Thor, "Plaintiffs' provide no support whatsoever for their proposition that they have properly pled a limitation on damages sought, sufficient to preclude federal jurisdiction, by virtue of their conclusory allegation regarding the amount in controversy." (Id. at 13).

The Court disagrees with Thor. The Court interprets the Complaint's limitation of the amount in controversy to below $49,500 as a limitation of the value of both the monetary damages and any equitable relief that Johnson and Botteicher seek. See *Amount in Controversy*, Black's Law Dictionary (10th ed. 2014)(defining "amount in controversy" as "[t]he damages claimed or relief demanded by the injured party in a lawsuit"). Thus, Johnson and Botteicher have limited their damages, as well as any equitable relief, to an amount below $49,500 and their assessment is entitled to deference. See

6

Saberton v. Sears Roebuck & Co., 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005)(remanding case because "Plaintiff's complaint allege[d] 'damages exceeding $15,000 but less than $74,999' . . . and Plaintiff's assessment [was] entitled to 'deference and a presumption of truth'" (citation omitted)).

"Except where Congress has granted federal courts exclusive jurisdiction, plaintiffs are the 'master of the complaint and are free to avoid federal jurisdiction by structuring their case to fall short of a requirement of federal jurisdiction.'" Manley v. Ford Motor Co., 17 F. Supp. 3d 1375, 1379 (N.D. Ga. 2014)(quoting Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013)(internal citation and quotation marks omitted)). Here, Plaintiffs have drafted their Complaint to fall below the amount in controversy threshold established by the MMWA. Therefore, the Motion to Remand is granted and the case shall be remanded to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs Michael Robert Johnson and Karen Isom Botteicher's Motion to Remand (Doc. # 9) is **GRANTED.**

(2) The Clerk is directed to remand this case to state court and thereafter **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of September, 2018.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE